ROBERT N. WARD, PLAINTIFF, v. DELAWARE, LACKA-WANNA AND WESTERN RAILROAD COMPANY, DE-FENDANT.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *Edward Stover.*

For the defendant, *Frederic B. Scott.*

PER CURIAM.

This is a fire case which took a rather unusual turn. Plaintiff's bungalow and garage were burned by fire communicated from dry grass which, according to the evidence, spread over an area bounded southerly by defendant's railroad tracks, which were about seventy-five feet distant from the garage, and extending to and around the garage and

bungalow. The complaint charged that the fire was communicated from one of defendant's engines, and the answer admitted (or perhaps it is better to say alleged) that such fire was communicated from engine No. 2136, but that as to that engine, defendant had, in the language of the statute, taken and used all practicable means to prevent the communication of fire. *Comp. Stat., p.* 4245, 4256, 4257; *Pamph. L.* 1921, *p.* 786. The plaintiff replied (a) that fire came out of the grate of the engine as well as the smokestack; (b) putting defendant on proof of identity of the engine; (c) that fire was communicated from other engines. At the trial, defendant's evidence about the condition of engine No. 2136 was so persuasive in character that plaintiff shifted his main ground to a claim that the fire had been communicated from some other engine or engines, and introduced some general testimony, over objection, that two days or so before the fire, sparks had been observed coming out of a passing engine.

The third reason quotes a passage in the charge, in which the court permitted the jury to consider, as an issue of fact, the question whether the fire was caused by some other engine than No. 2136, and the fourth reason points specifically to such instruction as erroneous. We think that it was erroneous as we fail to find anything in the testimony that would justify a jury in fastening culpability on any engine but No. 2136. Either there was total failure to show that any engine passing within a reasonable period before the fire was emitting sparks, or a similar failure to show that any engine emitting sparks passed within such period. As the question of other engines was left to the jury, it may well be that they speculated on that issue and returned their verdict based upon it. This in our estimation is enough to vitiate the verdict, and it becomes unnecessary to deal with the other points argued.

The rule will be made absolute.